UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 5:19-cr-00066-GFVT-CJS-1 |
| | ) | Civil No. 5:20-cv-00235-GFVT-CJS |
| v. | ) | |
| | ) | **ORDER** |
| ADLIE PENMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on a Recommended Disposition filed by United States

Magistrate Judge Candace Smith.  [R. 53.]  Following a guilty plea, Defendant Penman was

adjudged guilty of possession of a firearm by a convicted felon and sentenced to 72 months

imprisonment with 3 years of supervised release to follow.  [R. 28.]  *See* 18 U.S.C. § 922(g)(1).

Now, Mr. Penman moves the Court to vacate his conviction or correct his sentence under 28

U.S.C. § 2255.  [R. 34.]  Mr. Penman contends that he is entitled to relief because the trial Court

lacked subject matter jurisdiction over his case, and because his attorney's conduct constituted

ineffective assistance of counsel.  [R. 34 at 9–10.]  Consistent with local practice, Judge Smith

reviewed the Motion and prepared a Recommended Disposition.  [R. 53.]  After considering the

record, Judge Smith determined that Mr. Penman is not entitled to relief under 28 U.S.C. § 2255.

*Id.*  The Court agrees with Judge Smith.

First, Mr. Penman contends that the trial Court lacked subject matter jurisdiction because

the indictment in his case was critically deficient.  [R. 34-1 at 12–20.]  He states this deficiency

arose from the indictment's failure to allege that Mr. Penman knew he was within a class of

persons prohibited from possessing a firearm. *Id. See generally Rehaif v. United States*, 139 S.

Ct. 2191 (2019). But this argument is foreclosed by the Sixth Circuit's express holding that a

trial court is not deprived of jurisdiction when an indictment omits knowledge of status language.

*See United States v. Hobbs*, 953 F.3d 853, 856–57 (6th Cir. 2020); *United States v. Watson*, 820

F. App'x 397, 399 (6th Cir. 2020). Accordingly, the Court agrees with Judge Smith that Mr.

Penman's jurisdictional claim is without merit.

Second, Mr. Penman alleges he received ineffective assistance of counsel because, in

violation of Mr. Penman's request, his counsel failed to file a notice of appeal. [R. 38-1.] To

make a claim for ineffective assistance, Mr. Penman must show that his counsel's representation

was objectively unreasonable and that, but for the deficient representation, the result of the

proceeding probably would have been different. *Strickland v. Washington*, 466 U.S. 668, 686–

89, 694 (1984).

Judge Smith properly found that Mr. Penman's contentions are directly contradicted by

the record. It is undisputed that an attorney's failure to appeal a judgment, in derogation of her

client's request, amounts to ineffective assistance of counsel. *Ludwig v. United States*, 162 F.3d

456, 459 (6th Cir. 1998). However, Mr. Penman fails to show that he instructed his attorney to

appeal the judgment.

In her affidavit, Mr. Penman's Attorney (Attorney Merritt), advises that she and Mr.

Penman discussed the possibility of appeal on several occasions before sentencing. [R. 50-1 at

1–5.] Attorney Merritt informed Mr. Penman that the bottom of the guideline range for his

offense is 77 months, and that her plan was to obtain a sentence at the low end of the guidelines

with some of that time to be served in community confinement (halfway house). [R. 50-1 at

300.] Mr. Penman then indicated he may wish to "appeal any decision other than the decision

she had planned." [R. 38-1.]  After the hearing, Mr. Penman informed Attorney Merritt that he was "good" with the sentence imposed.[1]  [R. 50-1 at 6.]  Following Mr. Penman's sentencing hearing, Attorney Merritt sent Mr. Penman a letter stating "I will not file an appeal unless you advise me otherwise during the next 13 days from the date of this letter." *Id.* at 9.  Attorney Merritt states she never heard anything from Mr. Penman in response to her letter. *Id.* at 6–7. Accordingly, she did not file a notice of appeal. *Id.*

The Court agrees with Judge Smith's finding that Mr. Penman never requested an appeal. Mr. Penman's pre-sentence statement about appealing a sentence other than the one Attorney Merritt planned did not amount to "specific instructions from the defendant to file a notice of appeal[.]" *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  This is especially true given that the Court imposed a sentence along the lines of what Attorney Merritt planned.  Further, Mr. Penman never responded to Attorney Merritt's letter, which explained that no appeal would be filed unless he instructed otherwise.  Attorney Merritt therefore could not have violated her client's appeal request because no appeal request was made.

Finally, the Court agrees with Judge Smith that Attorney Merritt did not violate Mr. Penman's Sixth Amendment right by failing to consult with him about an appeal following the imposition of a sentence.  "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.  Mr. Penman's sentence fell within the bargained for parameters

---

[1] The Court imposed a sentence of 72 months incarceration, inclusive of 6 months of community confinement.  [R. 28; R. 53 at 3 n.1.]  As a part of his conditions of supervision, Mr. Penman is also required to reside in community confinement for the first 6 months of his term of supervised release. *Id.*; [R. 28 at 4.]

of his plea agreement.  [R. 53 at 12.]  Indeed, the sentence imposed was in keeping with Mr.

Penman's wishes; hence the rational defendant would not wish to appeal.  *Id.*  Nor did Mr.

Penman ever indicate to Attorney Merritt a desire to appeal.  *Id.*  Finally, Mr. Penman does not

allege that he would have appealed his sentence but for Ms. Merritt's allegedly deficient

performance.  *Id.* at 12–13.  For these reasons, the Court agrees with Judge Smith that any

alleged failure to consult with Mr. Penman regarding appeal did not amount to ineffective

assistance.

Generally, this Court must make a *de novo* determination of those portions of a

recommended disposition to which objections are made.  28 U.S.C. § 636(b)(1)(C).  When no

objections are made, however, this Court is not required to "review . . . a magistrate's factual or

legal conclusions, under a *de novo* or any other standard . . . ."  *Thomas v. Arn*, 474 U.S. 140,

150 (1985).  Parties who fail to object to a Magistrate's Report and Recommendation are also

barred from appealing a district court's order adopting that Report and Recommendation.  *United

States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  No objections to the Report and

Recommendation have been filed, and the time to do so has now expired.  Nevertheless, this

Court has considered the record, and it ultimately agrees with the Magistrate Judge's

recommendation.

Further, the Court declines to issue a certificate of appealability.  The Court determines

that reasonable jurists would not find the denial of Mr. Penman's § 2255 motion debatable.  *See

Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, and the Court being sufficiently

advised, it is hereby **ORDERED** as follows:

1. Magistrate Judge Candace Smith's Report and Recommendation [**R. 53**] as to Defendant

    Adlie Penman is **ADOPTED** by and for the Opinion of the Court;

2.  Mr. Penman's Petition for habeas corpus relief pursuant to § 2255 [**R. 34**] is **DENIED WITH PREJUDICE**;

3.  Mr. Penman's collateral civil proceeding is **DISMISSED** and **STRICKEN** from the Court's active docket;

4.  A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5.  **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 17th day of January, 2024.

Gregory F. Van Tatenhove
United States District Judge