UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:19-cr-66-REW

UNITED STATES OF AMERICA, PLAINTIFF,

V. **RECOMMENDED DISPOSITION**

ADLIE PENMAN, DEFENDANT.

On October 16, 2019, Adlie Penman appeared before the Court for sentencing following a plea of guilty to a violation of Felon in Possession of a Firearm. The defendant was sentenced to a 72-month term of imprisonment, with a 3-year term of supervised release to follow. On June 18, 2024, the defendant was released from the Bureau of Prisons to begin service of supervised release, which is scheduled to expire on June 17, 2027. Now facing three charges of violating supervised release, he appeared before the undersigned for a final hearing on Tuesday, September 8, 2026, in the presence of counsel. He expressed his desire to stipulate to all alleged supervised release violations, was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, he admitted to the following violation conduct:

**Violation #1**[1]

**Mandatory Condition #1: You must not commit another federal, state or local crime.**

[1]Violation No. 1 was originally based on conduct charged as Robbery in the 1st degree, in violation of KRS 515.020. However, at the final hearing, the United States moved to amend Violation #1 to reflect a conviction in state court for Assault in the 4th Degree domestic violence, which results in Violation #1 being a Grade C violation of the current conditions of supervision.

The defendant admitted and the Court took judicial notice of a conviction in state court for Assault fourth degree, domestic violence, **a Grade C Violation**.

**Violation #2**

**Mandatory Condition #2: You must not unlawfully possess a controlled substance.** On June 12, 2026, during a home contact, the defendant provided a urine sample that screened positive for cocaine. The defendant signed an admission form noting that since his release from inpatient treatment at the Ridge, on or about May 6, 2026, he had used cocaine on three occasions. **This is a Grade C Violation**.

**Violation #3**

**Mandatory Condition #1: You must not commit another federal, state or local crime.** Based on the information cited in Violation #2, cocaine is a controlled substance under the Controlled Substances Act. Due to the defendant's two prior local drug convictions and with the Sixth Circuit Court of Appeals' finding that use equals possession, possession of cocaine as noted, constitutes a violation of 21 U.S.C. Section 844(a), which is punishable by a term of imprisonment for not less than 90 days but not more than 3 years. **This is a Grade B Violation**.

Consequently, based upon a factual basis being documented, the Defendant should be found guilty of all three violations as outlined herein.

Relative to the penalty and pursuant to U.S.S.G. §7B1.4(a), should the Court revoke the defendant's supervised release based on a Grade B Violation and his Criminal History Category of VI, the recommended guideline range of imprisonment would be 34-41 months. The original offense is a Class C felony; therefore, the maximum authorized term of imprisonment upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to 18 U.S.C. § 3583(h) the authorized term of supervised release that may be reimposed is not more than 2 years, less any term of imprisonment imposed upon revocation.

In fashioning a recommendation, the Court considers the information above. In addition, the Court considers the statements of counsel, and their common belief that Penman is in need of and would benefit from residential treatment. To satisfy the considerations of the controlling

statute, the undersigned believes that a sentence can be crafted that is calculated to recognize the nature of the defendant's criminal history, his prior conviction in this case, the time he was on release prior to the present violation conduct, and his conduct since the violation conduct.

## CONCLUSION

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission and therefore have been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty of Violations 1, 2 and 3, as outlined above, but that the matter of sentencing be deferred until the Defendant can participate in a residential treatment program as jointly recommended by the parties;

(2) That Penman be held in custody only until he can be transported to begin as a participant in a residential treatment program as directed by the supervising United States Probation Officer. Penman will then remain at and meaningfully participate in the treatment program as required by all program guidelines. Upon conclusion of the treatment program, or should the defendant fail to complete the program successfully and/or leave against medical advice, the matter will be brought before the undersigned for purposes of considering a recommended sentence in the case;

(3) And, that absent further order, the matter come before the undersigned for status hearing on Thursday, November 12, 2026 at 10:00 a.m. in the United States Courthouse, Frankfort, at which time the parties and Penman will discuss the status of the case and any need to consider an appropriate sentencing recommendation for the violation conduct.

Finally, specific objections to this Report and Recommendation must be filed within THREE BUSINESS DAYS from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749B50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed September 10, 2026.

**Signed By:**

***Edward B. Atkins*** EBA

**United States Magistrate Judge**