UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:19-CR-66-REW |
| | ) | |
| v. | ) | |
| | ) | |
| ADLIE PENMAN, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting a limited final hearing, *see* DE 76, United States Magistrate Judge Edward B. Atkins recommended (1) that the undersigned adjudge Defendant Penman guilty of violations 1, 2, and 3 of the Supervised Release Violation Report; (2) that sentencing be deferred until Defendant can participate in a residential treatment program as jointly recommended by the parties; (3) that Penman shall be held in custody only until he can be transported to begin as a participant in a residential treatment program as directed by the Supervising United States Probation Officer; and (4) that upon either completion of the treatment program, or failure to complete the program successfully, the matter will be brought before Judge Atkins to consider a recommended sentence. Judge Atkins expressly informed the parties that specific objections to his Report and Recommendation be filed within three business days from the date of service thereof or further appeal is waived. *See* DE 77 at 4. No party objected within the specified time.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in

his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 77. Further, and to implement same:
   a. The Court adjudges Defendant Penman guilty of Violations 1, 2, and 3 on the particulars stated by Judge Atkins;
   b. The Court orders that Penman shall be held in custody only until he can be transported to begin as a participant in a residential treatment program as directed by the Supervising United States Probation Officer. He must participate in good faith and abide by all program rules, and all other supervised release terms continue to persist;
   c. The Court orders that upon either Penman's completion of the treatment program, or failure to complete the program successfully, the matter will be brought before Judge Atkins to consider a recommended sentence.

Judge Atkins may issue any specific order the Marshal may require to authorize release. This Order adjudicates the violations but is not final, because the Court intentionally defers the decision on any sentence. When the mechanics unfold, the Court will process the matter fully upon Judge Atkins's recommendation of a conclusion or sentence regarding the matters adjudged.

If the parties disagree, seek to modify the status, or otherwise have an issue to present, they may file a motion.

This the 21st day of September, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**